Kevin MURPHY, administrator of the ESTATE of Lawrence Martin PAYNE, et al., Plaintiffs–Appellants,

v.

UNITED STATES of America, et al., Defendants–Appellees.

Docket No. 04–6265–CV.

United States Court of Appeals, Second Circuit.

Argued: Oct. 6, 2005.

Decided: Oct. 19, 2005.

Justin T. Green, New York, N.Y. (Jacqueline M. James, Kreindler & Kreindler, LLP, New York, N.Y.; Richard A. Bieder. Koskoff, Koskoff & Bieder, P.C., Bridgeport, Conn., on the brief), for Plaintiffs–Appellants.

Sandra S. Glover, Asst. U.S. Atty.,New Haven, Conn. (Kevin J. O'Connor, U.S. Atty., Lauren M. Nash, William J. Nardini, Asst. U.S. Attys., on the brief), for Defendants–Appellees.

Before: NEWMAN and RAGGI,* Circuit Judges.

PER CURIAM.

This appeal concerns the availability of judicial review of a decision of the United States Air Force denying claims under the Military Claims Act ("MCA"), 10 U.S.C. §§ 2731–2738. The claims were brought by family members of federal employees who were killed in a crash of an Air Force plane in Bosnia in April 1996. *See id.* § 2733. The Air Force denied the MCA claims on the ground that the Federal Employees Compensation Act ("FECA"), 5 U.S.C. §§ 8101–8193, provided the exclusive remedy for the families of federal employees killed in the course of performing government service, *see id.* § 8116(c). The appeal is from the September 27, 2004, judgment of the United States District Court for the District of Connecticut (Mark R. Kravitz, District Judge), which dismissed the complaint for lack of subject matter jurisdiction. Judge Kravitz ruled that the MCA barred judicial review, *see*

10 U.S.C. § 2735, except for claims of a violation of constitutional rights or a clear statutory mandate of the MCA, and that the claims in the pending case did not involve either type of claim, however questionable the Air Force's interpretation of the exclusivity provision of FECA might be.

We affirm on the well-reasoned opinion of the District Court. *See Murphy v. United States*, 340 F.Supp.2d 160 (D.Conn. 2004).

---

* Honorable Thomas J. Meskill recused himself shortly prior to oral argument; therefore, the case is being decided by the remaining two judges. *See* 2d Cir. R. § 0.14(b) (interim rule).